Liu v. Holder

BIA
A200 026 204

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of September, two thousand thirteen.

PRESENT:
>            ROBERT A. KATZMANN,
>                  *Chief Judge,*
>            PETER W. HALL,
>            CHRISTOPHER F. DRONEY,
>                  *Circuit Judges.*

_____

XING LIU,
>            *Petitioner,*

>      v.                                    12-3266
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Stephen M. Elliott, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing Liu, a native and citizen of the People's Republic of China, seeks review of an August 1, 2012, decision of the BIA denying his motion to reopen. *In re Xing Liu*, No. A200 026 204 (B.I.A. Aug. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)©; 8 C.F.R. § 1003.2(c)(2). Although Liu's

motion was indisputably untimely because it was filed more than three years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(I), there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Liu's decision to join the China Democracy Party ("CDP") in the United States constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Nor did the BIA err in finding that the evidence Liu submitted failed to demonstrate a material change in country conditions because that evidence demonstrated that the Chinese government had continually banned the CDP and targeted its members since the time of Liu's last hearing and did not indicate that conditions had worsened for similarly situated individuals.

3

*See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169.

As to Liu's argument that he established changed country conditions in China based on letters stating that the Chinese government had become aware of his CDP activities in the United States, the BIA reasonably declined to credit the letters because they were unsworn and written by interested witnesses who were not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the alien's friends and family were insufficient to provide substantial support for the alien's claims because they were interested witnesses not subject to cross-examination (citations omitted)), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Accordingly, the BIA did not abuse its discretion in denying Liu's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)©.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk